[No. 22409. Department One. September 29, 1930.]

WASHINGTON MOTOR COACH COMPANY, *Appellant*, v. FRED. K. BAKER, *et al.*, *Respondents.*[1]

*Cleland & Clifford,* for appellant.

*The Attorney General* and *John C. Hurspool, Assistant,* for Department of Public Works.

*Poe, Falknor, Falknor & Emory,* for respondents North Bend Stage Line, *et al.*

BEALS, J.—The parties to this proceeding, other than the members of the department of public works of Washington, are engaged as common carriers in intrastate transportation of passengers and freight by motor vehicles, and are, or were, the owners, respectively, of certificates of public convenience and necessity as hereinafter set forth.

[1]Reported in 291 Pac. 733.

Washington Motor Coach Company, the appellant herein, is the owner of certificate No. 400, authorizing passenger and express service between Spokane, Wenatchee, Yakima, Cle Elum and other cities east of the Cascade mountains, and the town of Easton, located at or near the summit of that mountain range. Appellant also operates motor vehicles for the transportation of passengers and freight, under certificate No. 107, authorizing such transportation from Seattle eastward to the junction of the Sunset highway and the Solberg road, approximately thirty-six miles east of the city of Seattle.

Prior to the institution of this cause, these two certificates were, by order of the department of public works, amended and consolidated so as to authorize through service between all points in the territory served thereunder, with the exception that, under the consolidated certificate, no local service may be rendered between Seattle and Easton or intermediate points, save as such service was formerly permitted under certificate No. 107. Under the order consolidating appellant's two certificates, appellant was authorized to render two-way, through passenger and express service between Seattle and all points served by it in eastern Washington, including the city of Cle Elum. From the order entered on appellant's application consolidating these two certificates, appeals were prosecuted, and from the judgment of this court affirming the judgment of the superior court confirming the order of the department of public works, an appeal has been taken to the supreme court of the United States, which appeal is now pending.

Respondent North Bend Stage Line, Inc., operates, under certificate No. 100, a passenger and express service between Seattle and North Bend, and a limited service between North Bend and Easton.

Respondent Andrew Dean has been operating, under certificate No. 328, a passenger and express service between Roslyn and Cle Elum, and, with limitations, between Cle Elum and Easton. The service under respondent Dean's certificate between Cle Elum and Easton is, by such certificate, authorized only during the course of the construction of the Kittitas reclamation project.

September 24, 1929, respondents North Bend Stage Line (hereinafter referred to as the stage line) and Andrew Dean filed with the department of public works a joint application for the department's approval of the sale and transfer by Mr. Dean to the stage line of so much of certificate No. 328 as authorized Mr. Dean to furnish service between Cle Elum and Easton. This application, in addition to a request for the approval of the transfer, also asked that authority be granted to the assignee to render through service between Cle Elum and Seattle, including intermediate points. September 26, 1929, the department of public works entered its order No. 2555, as follows:

"BEFORE THE DEPARTMENT OF PUBLIC WORKS OF
WASHINGTON

M. V. No. 2555 ⎰ In re joint application (D-546) for authority to transfer that portion of the rights under Certificate No. 328 authorizing passenger and express service between Cle Elum and Easton, from ANDREW DEAN to NORTH BEND STAGE LINE, INC., owner of Certificate No. 100.

"ORDER AUTHORIZING TRANSFER

"FINDINGS

I

"Certificate of public convenience and necessity No. 328 authorizes Andrew Dean to furnish passenger and express service by motor vehicle between

Cle Elum and Roslyn and Lake Cle Elum, Washington;

Cle Elum and Easton, Washington; service between Cle Elum and Easton being authorized during construction period of the Kittitas Reclamation project in accordance with our order M. V. No. 1781 dated May 19, 1926.

## II

"Certificate of public convenience and necessity No. 100 authorized North Bend Stage Line, Inc., to furnish by motor vehicle

PASSENGER AND EXPRESS SERVICE

Between Seattle and North Bend, Washington, both via Redmond, Happy Valley and Falls City and via Renton, Issaquah and Falls City;

North Bend and Easton, Washington;

PASSENGER SERVICE

Between North Bend and North Bend Lumber Company's Camp 15, Wash.;

with certain limitations.

## III

"Joint application (D-546) has been received requesting authority to transfer that portion of the rights under certificate No. 328 authorizing Andrew Dean to furnish passenger and express service between Cle Elum and Easton, Washington, to North Bend Stage Line, Inc., owner of certificate No. 100, effective October 1, 1929.

## IV

"It appearing that North Bend Stage Line, Inc., is able and willing to furnish all the service necessary as now rendered under that portion of certificate No. 328 between Cle Elum and Easton, Washington, and that the transfer to it of all such rights as requested will not be detrimental to the interests of the public,

ORDER

"IT IS HEREBY ORDERED that authority be and the same is hereby granted for the transfer of that portion of the rights under certificate No. 328 authorizing

Andrew Dean to furnish passenger and express serv-
ice by motor vehicle between

Cle Elum and Easton, Washington,
to North Bend Stage Line, Inc., owner of certificate
No. 100; that original certificates Nos. 100 and 328 be
canceled and new certificates issued in lieu thereof as
follows:

"*No. 100* to North Bend Stage Line, Inc., authorizing
PASSENGER AND EXPRESS SERVICE

Between Seattle and North Bend, Wash-
ington, both via Redmond, Happy Val-
ley and Falls City and via Renton, Issa-
quah and Falls City;

North Bend and Easton, Washington;

Easton and Cle Elum, Washington;
PASSENGER SERVICE

Between North Bend and North Bend Lum-
ber Company's Camp 15, Washington;
with the following limitation:

No local service shall be furnished under
this certificate between Seattle and Sol-
berg road;
and with the understanding that service between
Easton and Cle Elum is authorized only during the
period of construction of the Kittitas reclamation
project in accordance with the provisions of our Or-
der M. V. No. 1781 dated May 19, 1926; and

"*No. 328* to Andrew Dean authorizing passenger and
express service between

Cle Elum and Roslyn and Lake Cle Elum,
Washington.

"Transfer of the rights herein granted is author-
ized effective October 1, 1929, *conditioned* upon com-
pliance by all parties concerned with the law and the
rules and regulations of this department governing
'Auto Transportation Companies' and *subject* to any
legal claims, liens or equities.

"All parties interested must take notice that the
department, in granting authority to transfer or mort-
gage a certificate, does not necessarily approve the
amount involved in the transaction, nor does it bind
itself to recognize such amount in placing a value, for

rate-making purposes on the property of the certificate holder.

"Dated at Olympia, Washington, Sept. 26, 1929.

"DEPARTMENT OF PUBLIC WORKS OF
WASHINGTON
By JOHN C. DENNEY
Director
FRED. K. BAKER
Supervisor of Transportation.
Supervisor of Public Utilities.
ATTEST: C. E. Van Etten, Secretary."

Appellant, learning of the application for the consolidation of the two certificates, protested to the department against the granting of the relief sought by respondents, and filed with the department a written protest objecting to any authorization of *through* service between Seattle on the west and points east of Easton. Deeming itself aggrieved by the entry of the order above set forth, appellant filed in the superior court for Thurston county a proceeding seeking a review of the order, alleging that the order was unreasonable, unlawful, arbitrary and capricious; that the same had been made without any notice to appellant; had been entered without a hearing; was not based upon any evidence or showing of public convenience and necessity for through service between points east of Easton, on the one hand, and the city of Seattle, on the other; and that the same, for other reasons assigned by appellant, should be vacated and set aside.

The members of the department of public works having filed in the superior court their return, and respondent stage line having filed its answer, respondents, other than the members of the department, filed a demurrer to the petition for the writ of review upon the ground that the petition failed to state facts sufficient to entitle the petitioner (appellant) to any

relief. In its answer, respondent stage line stated that it filed the same without waiving its demurrer. Respondent Fred. K. Baker, supervisor of transportation, filed in the superior court an affidavit, and appellant moved to strike the same, as well as the demurrer and answer filed by the other respondents hereinabove referred to.

The matter was submitted to the superior court, and, after argument, the court sustained the demurrer to appellant's petition for a writ of review, and upon appellant electing to stand upon its petition, the proceeding instituted by appellant was dismissed, and from the judgment of dismissal appellant prosecutes this appeal.

Appellant's assignments of error bring before us for review the correctness of the judgment of the trial court from which this appeal is taken. Several questions are presented, and much argument set forth in the respective briefs as to the right of appellant to protest against the assignment of a portion of respondent Dean's certificate to his co-respondent, whether or not appellant did, in fact, seasonably protest before the department against the allowance of such consolidation, what appellant's rights in the premises were, and whether or not respondent department of public works followed the correct procedure in entering its order of consolidation hereinabove set forth.

For the purposes of this opinion, we assume, without deciding, that appellant had a right to protest before the department against the consolidation which was asked for, and that its protest was seasonably filed with the department. Appellant contends that the order of the department allowing the consolidation was erroneous and in derogation of appellant's rights, because it contained no limitation forbidding

respondent stage line to render thereunder through service between Cle Elum and Seattle and other points west of Easton.

It appears from the record that respondent stage line filed an "adoption notice" whereby it proposed to continue the rate and time schedules of respondent Dean applicable to local service between Cle Elum and Easton, and that this respondent, by filing a supplement to its own time schedule theretofore filed with the department, contemplated the rendition of a through service from Cle Elum to Seattle and intermediate points. By its protest filed with the department, appellant argued that the consolidation of the two certificates should grant no additional right thereunder, and should not authorize through service unless and until a showing of public convenience and necessity for such through service should be made.

It will be noted that the order of the department, which appellant, in this proceeding, seeks to have reviewed, neither forbids nor permits through service from any point east of Easton to points west of that town, and that the limitation of the life of the Dean certificate, authorizing service between Cle Elum and Easton only during the period of construction of the Kittitas reclamation project, by the order, is continued in full force and effect. Upon the oral argument before this court, counsel for respondent stage line conceded that the life of the Dean certificate, in so far as the same authorized transportation between Cle Elum and Easton, is limited in time to the period of the construction of the reclamation project mentioned in the departmental order above set forth.

Appellant objects to the procedure followed before the superior court, and argues that, under the law, a demurrer to its petition for review was not a proper pleading, and that the judgment of the su-

perior court dismissing its appeal was incorrect in form, in that the only judgment in favor of respondents that the superior court had a right to enter was a judgment confirming the order of the department. This objection to the form of the judgment is technical, and, if it appears from the record that the departmental order should, in fact, have been confirmed by the superior court, we would not hold that the form of the judgment and the fact that it dismissed appellant's appeal from the order would require that the judgment be reversed and a new judgment to the same effect, though different in form, in that it would affirmatively confirm the order of the department, be entered.

■ Section 6390, Rem. Comp. Stat., providing for the transfer of certificates of public convenience and necessity, reads as follows:

"No auto transportation company shall hereafter operate for the transportation of persons and, or, property for compensation between fixed termini or over a regular route in this state, without first having obtained from the commission under the provisions of this act a certificate declaring that public convenience and necessity require such operation; but a certificate shall be granted when it appears to the satisfaction of the commission that such person, firm or corporation was actually operating in good faith, over the route for which such certificate shall be sought on January 15, 1921. Any right, privilege, certificate held, owned or obtained by an auto transportation company may be sold, assigned, leased, transferred or inherited as other property, only upon authorization by the commission. The commission shall have power, after hearing, when the applicant requests a certificate to operate in a territory already served by a certificate holder under this act, only when the existing auto transportation company or companies serving such territory will not provide the same to the satisfaction of the commission, and in all other cases with

or without hearing, to issue said certificate as prayed for; or for good cause shown to refuse to issue same, or to issue it for the partial exercise only of said privilege sought, and may attach to the exercise of the rights granted by said certificate to such terms and conditions as, in its judgment, the public convenience and necessity may require.''

The order of the department, of which appellant complains, authorizes the transfer to respondent stage line of a portion of the rights theretofore enjoyed by respondent Dean under certificate No. 328. It is simply an order approving the consolidation of certain rights theretofore enjoyed by Dean, under his certificate, with the right to furnish service enjoyed by respondent stage line, under its certificate. Appellant's chief ground of complaint seems to be that the order does not, by its terms, forbid the operation of through service between Cle Elum and Seattle. It need not, at this time, be decided whether or not the department, in such case as this, should order a break in the time schedule at Easton, or direct that passengers and freight be transferred at that point. We do not find in the order any extension of the right theretofore enjoyed by respondent Dean under his certificate. Under the consolidated certificate, respondent stage line is authorized to render passenger and express service between Seattle, North Bend and Easton, and between Easton and Cle Elum. If, under this certificate, respondent stage line renders any unlawful or unauthorized service, of which appellant has a right to complain, appellant has its remedy. The order complained of contains no provisions concerning schedules or service, and expressly preserves the limitation upon the life of the Dean certificate limiting the same to the period of the construction of the Kittitas reclamation project.

As above stated, we have assumed, for the purposes of this opinion, that appellant had a right to protest against the granting of any order consolidating the two certificates above referred to, and that appellant did seasonably and in a proper manner protest against such consolidation. It may well be that these assumptions are not, in law or in fact, well founded, and this opinion shall not be construed as holding that appellant did, in fact, have its day before the department of public works, in so far as its manifest desire to protest against the order of consolidation, which is the subject of this appeal, is concerned; nor shall this opinion be construed as holding that appellant had any right to be heard as protestant against the granting of the order of consolidation asked for by respondents.

We are unable to find that the order, which appellant seeks to have reviewed, interferes with any of appellant's rights, or affords appellant any ground for complaint.

The judgment appealed from is affirmed.

MITCHELL, C. J., MILLARD, TOLMAN, and MAIN, JJ., concur.